RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2011

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MEGAN FUENTES | : | DOCKET NO. 2:10 cv 705 |
| VS. | : | JUDGE MINALDI |
| DYNAMIC INDUSTRIES, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment filed by the defendant, Dynamic Industries, Inc. ("Dynamic"). The plaintiff has filed no timely opposition. Dynamic filed a Supplemental Brief (Rec. Doc.14) to which the plaintiff filed no response. This Motion for Summary Judgment is therefore unopposed.

This trial is scheduled for April 25, 2011.

Facts[1]

The plaintiff, Megan Fuentes ("Fuentes"), alleges that she was sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200(e), *et seq.*

---

[1] The facts are deemed admitted by the plaintiff. Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir.1991) ( "Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. Fed.R.Civ.P. 36(b). Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party. *Murrell v. Casterline*, 307 Fed.App'x. 778, 780, 2008 WL 822237, 2 (5th Cir. 2008); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir.1985).

Dynamic hired Fuentes on April 8, 2009, to work as a maintenance helper in Lake Charles.[2] Upon being hired, she received a copy of Dynamic's policies addressing equal employment in the workplace and other related policies, including the following: Dignity and Respect; Equal Employment Opportunity and Affirmative Action Plan; Harassment and Discrimination; and Complaint Procedure.[3] The anti-harassment and discrimination policy contains a multi-level complaint procedure whereby an aggrieved employee is required to complain immediately.[4] The plaintiff executed two acknowledgments indicating that she read, understood and would abide by the policies contained in the handbook and the company's separate sexual harassment policy.[5]

Dynamic also maintains Equal Employment Opportunity posters, issued by the United States Department of Labor, which provide summaries of various anti-discrimination laws, discrimination prohibitions, harassment prohibitions and retaliation prohibitions and provide contact information for the Equal Employment Opportunity Commission of the United States Department of Labor.[6] The posters are prominently displayed on Dynamics's premises.[7] Dynamic also conducts regular employee and manager training programs on the company's policies and internal complaint procedures.[8]

---

[2] Exhibit A, Declaration of Doug Blair.

[3] *Id.*, Exhibit 1 (Bates Nos. dii0001-dii0024).

[4] *Id.*

[5] *Id.*, Exhibits 2 and 3 (Bates Nos. dii0025-dii0026).

[6] *Id.*

[7] *Id.*

[8] *Id.*

On June 1, 2009, Fuentes complained to Dynamic's Human Resources Department that her co-worker, Ryan Durand, allegedly sexually harassed her.[9] Specifically, she complained that on May 29, 2009, while she was on her morning break, Mr. Durand ran by her and slapped her buttocks.[10] Fuentes further complained that at the close of the work day, she, her husband (also a Dynamic employee), and Mr. Durand exchanged words regarding the incident.[11] The plaintiff did not make any additional allegations or allege any specific comments or conduct of a sexual nature.[12] Dynamic investigated the incident immediately.[13]

At the close of the investigation, Dynamic suspended Mr. Durand for three work days without pay beginning on June 3, 2009; after which, Mr. Durand returned to work.[14] Dynamic also counseled Mr. Durand regarding the company's anti-harassment policy, provided him with an additional copy of the employee handbook, and required him to review the anti-harassment policy and execute an acknowledgment that he had reviewed, understood and would abide by the policy.[15]

Fuentes filed an EEOC charge of discrimination on July 2009 alleging that she was sexually harassed in violation of Title VII. The EEOC dismissed Plaintiff's charge.

The plaintiff's employment with Dynamic ended in September 2009 in connection with a

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*, Exhibit 4 (Bates No. dii0027).

[15] *Id.*, Exhibit 5 (Bates No. dii0028).

company reduction in force that was necessitated by the completion of a project in Lake Charles.[16] The reduction in force began in May 2009 and affected over 550 employees over five months.[17] Fuentes was one of 210 employees released from service in the final wave of the reduction in force.[18]

On January 12, 2010, Plaintiff filed the above-captioned lawsuit against Dynamic alleging sexual harassment. Plaintiff has not asserted a claim of retaliation.

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law.[19] When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[20] A mere conclusory statement that the other side has no evidence is not enough to satisfy a

---

[16] *Id.*, Exhibit 6 (Bates No. dii0029).

[17] *Id.*

[18] *Id.*

[19] Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

[20] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992). See also *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113

movant's burden.[21]

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial.[22] The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.[23] However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.[24]

"If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial."[25]

Sexual Harassment

Fuentes's allegations fall within the category of "hostile or abusive working environment" sexual harassment.[26] When the alleged harasser is a co-worker (as opposed to a supervisor),[27] a hostile work environment claim requires a prima facie showing that the plaintiff is "(1) [a] member

---

S.Ct. 82, 121 L.Ed.2d 46 (1992).

[21] See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

[22] Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

[23] *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

[24] Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

[25] *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 433 (5th Cir.2005) (quotation marks and citation omitted).

[26] *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir.2005).

[27] See *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 n. 2 (5th Cir.2001).

of a protected group; (2) the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of [Fuentes's] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action."[28] The sole element conceded by Dynamic is the first, that Fuentes is a woman. The other four elements are disputed.

Fuentes alleges that a co-worker ran by her and slapped her on the buttocks. This was an isolated incident. Fuentes alleges no other actions by Durand. While this type of physical contact is not acceptable in the workplace, to be actionable under Title VII, the sexual harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.[29] This isolated incident did not create a hostile work environment because it was not severe, physically threatening, or humiliating; at most, it was unwanted and offensive. This is not the kind of conduct that would interfere unreasonably with a reasonable person's work performance or destroy her opportunity to succeed in the workplace.[30] Objectively, a reasonable person would not find Durand's actions to be offensive enough to constitute a hostile work environment. Fuentes has not established that Durand's conducted constituted sexual harassment or that the conduct occurred because she is female. Thus, the harassment Fuentes alleges is insufficient to support her

---

[28] *Love v. Motiva Enterprises LLC*, 349 Fed.App'x. 900, 906, 2009 WL 3334610, 5 (5th Cir. 2009); *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 434 (5th Cir.2005)(quotation marks and citation omitted).

[29] *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 330 -331 (5th Cir. 2009); *Farpella-Crosby v. Horizon Health Care* 97 F.3d 803, 806 (5th Cir. 1996).

[30] *See Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir.1999) (sexual teasing and some touching over a period of two years was "not severe" because it was "not the type of extreme conduct that would prevent [the plaintiff] from succeeding in the workplace.").

claim.

To decide whether the alleged harassment affected a term, condition, or privilege of her employment, she must show that the conduct was "severe or pervasive."[31] The conduct must also qualify as both "subjectively and objectively offensive."[32] " Whether an environment is hostile or abusive depends on a totality of circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance."[33] Fuentes has not presented sufficient evidence to create a genuine issue of material fact regarding the severity or pervasiveness of the alleged harassment.

Furthermore, the evidence submitted by Dynamic establishes that as soon as they became aware of the alleged sexual harassment, they took prompt remedial action by addressing the issue with Durand, suspending him for three days, and reviewing the anti-discrimination policy with him. Again, there is no genuine issue of material fact with the fifth element of Fuentes's claim.

Accordingly, the defendant's motion for summary judgment will be granted.[34]

Lake Charles, Louisiana, this 28 day of March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[31] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir.2005).

[32] *Green*, 284 F.3d at 655.

[33] Id. at 655-56 (quoting *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir.1996)).

[34] The court will address Dynamic's claim for attorney's fees when they file their motion for the same.